Alfred H. Kleiman, J.
The information drawn on February 23, 1971 charges that on August 21, 1970 the defendant violated section 231 of the Multiple Dwelling Law in that the defendant *76 failed to provide a legal second means of egress for the property which he owned and managed. The violation filed by the Department of Rent and Housing Maintenance of the City of New York is described in the information as having arisen as a result of the fact that the party-wall and balconies at the rear of the property, which is located at 950 Columbus Avenue in the Borough of Manhattan, “ connect with 948 Columbus Avenue which is vacant and locked.” Prior thereto the party-wall balconies had served as the second means of egress.
Section 231 of the Multiple Dwelling Law provides as follows: ‘ ‘ 1. Every non-fireproof tenement exceeding two stories in height and every fireproof tenement erected after May sixteenth, nineteen hundred thirteen, shall have at least two independent means of egress, which shall extend from the ground story to the roof, be located remote from each other and be separated from each other by walls. ’ ’
Upon the trial, the People proved that the adjoining property at 948 Columbus Avenue was vacant and locked on the day in issue and the windows adjoining the balconies of the subject property were boarded up. This condition continues to this day. It was also stipulated for the record that the adjoining property (948 Columbus Avenue) was and is owned by the City of New York. While there was some conflicting evidence as to whether or not the windows of the adjoining property were actually locked or could be opened, I find that the conditions were such that the subject property did not have a second means of egress within the purview of the law.
The defendant urged as a further defense that the violation was created as a result of the City of New York failing to comply with rule 4.4 of the New York City Department of Buildings, which rules were promulgated pursuant to section 53 of the Multiple Dwelling Law. Rule 4.4 provides as follows: “It shall be unlawful for the owner of a structure on which there is a party-wall balcony serving as a required means of egress from an adjoining structure, to remove such party-wall balcony or any portion thereof or to prevent, eliminate or obstruct egress from such party-wall balcony to and through his structure, unless and until such owner has had erected a legal fire-escape or other approved means of egress.”
The People of the State of New York are represented in this criminal proceeding by the Corporation Counsel of the City of New York. The Assistant Corporation Counsel, in response to the offered defense, urged upon this court that the primary responsibility for providing the second means of egress was upon the defendant. In support of his argument, he cited Hafner *77 v. Erdreich Realty Corp. (170 Misc. 846). In that case, the owner of the property had complied with a similar notice of violation and thereafter brought suit against the owner of the adjoining property for it having failed to comply with that section of the then Administrative Code which was the predecessor section of rule 4.4. The court, in that case, granted a judgment in favor of said owner and against the defendant-adjoining property owner for the cost of providing such second means of egress. Essentially, therefore, the argument of the People is along the lines that, while the City of New York by its failure to comply with its own rules and regulations gave rise to the violation, the primary responsibility is on the defendant to correct the violation, and thereafter has a right to sue the City of New York for damages. (The Corporation Counsel not only acts in the dual capacity of attorney for the complainant and as the prosecutor, but would be the attorney for the City of New York in such suit.) It appears to this court that this argument is incongruous. This is a criminal proceeding and in my opinion it would be unconscionable for this court to find the defendant guilty of a misdemeanor for having failed to remove a violation which concededly resulted from the actions of the City of New York in failing to comply with its own regulations. The city, even though it is acting in its proprietary rather than its governmental capacity, as a landlord, owes an obligation to its citizens to set an example by strictly complying with its own rules and regulations. I do not believe it would be in the interests of justice for this court to find the defendant guilty of a criminal statute under these circumstances even though the factual elements of the crime have been proven by the People. Certainly, if this were a civil action, the principle of estoppel would have been invoked.
Accordingly, pursuant to CPL 290.10, this court herewith issues a “ trial order of dismissal ” dismissing the information.
The court’s determination in this case does not obviously resolve the essential underlying issue, which is, “Who has the responsibility of protecting the tenants of the property! ” The issues of primary and secondary responsibilities can be best resolved in appropriate civil proceedings. This court does not have the equitable jurisdiction to direct either of the parties to make the necessary alterations. In the meantime however, both the City of New York and the defendant owner are on notice that, while they are litigating these issues, the tenants are not receiving the protection that it was the intent of the law to provide them with. It certainly appears to me, if the condition is a hazardous one the City of New York at least has the obligation *78 to proceed forthwith to take such steps as may be necessary to protect the tenants. And for this purpose it has other practical as well as legal remedies available to it, such as making temporarily available the second means of egress from 948 Columbus Avenue. This case again points up the frustration of placing in the Criminal Court issues that could better be resolved by other courts or other administrative agencies if the appropriate legislation were enacted.
Accordingly, the information is dismissed.*

 After rendering the above decision, the court was informed that the City of New York has temporarily unlocked the windows in 948 Columbus Avenue and has a caretaker temporarily occupying the premises; at least for the time being there now exists a second means of egress and the tenants are receiving the protection to which they are entitled.